1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   SELFHELPWORKS.COM, INC., a          )   Civil No. 10cv0172 JAH (BGS)
     California corporation,             )
11                                       )   **ORDER GRANTING IN PART AND**
                           Plaintiff,    )   **DENYING IN PART iWorks**
12   v.                                  )   **PARTIES' MOTION FOR**
                                         )   **SUMMARY JUDGMENT**
13   1021018 ALBERTA LTD., a Canadian    )   **[Doc. No. 66]**
     limitted liability company, doing   )
14   business as Wu Yi Source, et. al.,  )
                                         )
15                         Defendants.   )
                                         )
16   ─────────────────────────────────  )
                                         )
17   AND RELATED CROSS-CLAIMS.           )
     ─────────────────────────────────  )

18                          **INTRODUCTION**

19        Plaintiff Selfhelpworks.com ("Plaintiff" or "SHW"), a California corporation,

20   originally filed an action on November 19, 2009, seeking declaratory relief and an order

21   compelling arbitration against WuYi Source, Inc., a Canadian Corporation, and Does

22   1 through 25, in the Superior Court of the State of California, County of San Diego.  On

23   January 14, 2010, Plaintiff filed a First Amended Complaint seeking an order compelling

24   arbitration, declaratory relief and relief for breach of contract, constructive trust, unjust

25   enrichment, and intentional interference with prospective business advantage and contract.

26   Plaintiff named 1021018 Alberta Ltd, doing business as WuYi Source ("Alberta"), iWorks,

27   Jeremy Johnson ("the iWorks Parties") and Does 1 through 25 as defendants.  Plaintiff

28   alleges it entered into a Marketing Agreement with Defendant Alberta for the up-sell of

SHW's Living Lean program.  Plaintiff further alleges Defendant Alberta breached the agreement by entering into a competing agreement with the iWorks Parties.  Defendant Alberta removed the action to federal court on January 21, 2010.

On February 11, 2010, Defendant Alberta filed an answer to SHW's complaint and filed a cross-claim against Jeremy Johnson, doing business as iWorks and Roes 1 through 25, asserting claims for fraud in the inducement of contract, indemnity and contribution, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, conversion, unjust enrichment and imposition of constructive trust, money had and received and for accounting.

On June 18, 2010, the iWorks Parties filed an answer to the First Amendment Complaint, an answer to Alberta's cross-claim and filed a cross-claim against Alberta.  The iWorks Parties seek relief for breach of contract and breach of the covenant of good faith and fair dealing.  The iWorks Parties filed a motion for change of venue on June 24, 2010 as to the cross-claims and Alberta filed a motion for leave to file a first amended cross-claim and third party complaint.  The cross-claimants filed separate responses to the motions and replies in support of their respective motions.  Both motions were set for hearing on August 23, 2010, but were taken under submission pursuant to Local Rule 7.1.[1]  On September 28, 2010, the iWorks Parties filed a motion for summary judgment against Plaintiff SHW.  SHW filed an opposition on October 15, 2010, and Movants filed a reply on October 25, 2010.

The parties appeared before this Court for hearing on the motion on November 8, 2010.  Upon finding a genuine issue of material fact as to the interference claims, the Court denied the motion as to the interference claims and constructive claims on the record and reserved ruling on the unjust enrichment claims.

## DISCUSSION

### I.      Legal Standard

Summary judgment is properly granted when "there is no genuine issue as to any

---

[1]The Court has filed an separate order addressing these motions.

10cv172

material fact and ... the moving party is entitled to judgment as a matter of law."
Fed.R.Civ.P. 56(c).  Entry of summary judgment is appropriate "against a party who fails
to make a showing sufficient to establish the existence of an element essential to that
party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>
<u>v. Catrett</u>, 477 U.S. 317, 322 (1986).  The party moving for summary judgment bears the
initial burden of establishing an absence of a genuine issue of material fact.  <u>Celotex</u>, 477
U.S. at 323.  Where the party moving for summary judgment does not bear the burden
of proof at trial, as here, it may show that no genuine issue of material fact exists by
demonstrating that "there is an absence of evidence to support the non-moving party's
case." <u>Id.</u> at 325.  The moving party is not required to produce evidence showing the
absence of a genuine issue of material fact, nor is it required to offer evidence negating the
moving party's claim.  <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 885 (1990);
<u>United Steelworkers v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1542 (9th Cir. 1989).
"Rather, the motion may, and should, be granted so long as whatever is before the District
Court demonstrates that the standard for the entry of judgment, as set forth in Rule 56(c),
is satisfied." <u>Lujan</u>, 497 U.S. at 885 (quoting <u>Celotex</u> , 477 U.S. at 323).

Once the moving party meets the requirements of Rule 56, the burden shifts to the
party resisting the motion, who "must set forth specific facts showing that there is a
genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).
Without specific facts to support the conclusion, a bald assertion of the "ultimate fact" is
insufficient.  <u>See</u> <u>Schneider v. TRW, Inc.</u>, 938 F.2d 986, 990-91 (9th Cir. 1991).  A
material fact is one that is relevant to an element of a claim or defense and the existence
of which might affect the outcome of the suit.  The materiality of a fact is thus determined
by the substantive law governing the claim or defense.  Disputes over irrelevant or
unnecessary facts will not preclude a grant of summary judgment. <u>T.W. Electrical Service,</u>
<u>Inc. v. Pacific Electrical Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987)(citing
<u>Anderson</u>, 477 U.S. at 248).

When making this determination, the court must view all inferences drawn from

the underlying facts in the light most favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ... ruling on a motion for summary judgment."  Anderson, 477 U.S. at 255.

**II.     Analysis**

The iWorks Parties move for summary judgment as to SHW's claims against them.

**A.  Intentional Interference with Prospective Business Advantage**

Movants argue SHW's claims for intentional interference with prospective business advantage and contract are barred by the statute of limitations.  They further argue Plaintiff cannot prove all the elements of the claims because the undisputed facts show the iWorks Parties had no knowledge of any contractual or economic relationship between SHW and Alberta at the time of the alleged interference.

**1.  Statute of Limitations**

Movants contend the applicable statute of limitations for the interference claims is two years.  They maintain the alleged interference occurred in either December 2007, when Alberta and the iWorks Parties reached an agreement for the up-sell of the Living Lean program, or January 4, 2008, when the parties signed the written contract memorializing the terms of the agreement.  They argue the interference claims asserted on January 14, 2010 are barred as untimely.

The iWorks Parties argue Alberta's action in engaging in the agreement with iWorks breached the SHW-Alberta Marketing Agreement which specifically provides that Alberta agrees not to partner or enter into a competing agreement with a similar company for an up-sell internet marketing arrangement, so the SHW-Alberta Marketing Agreement was breached by January 4, 2008 at the latest.  They maintain the evidence shows SHW was aware of the breach in mid-December 2007 as evidence by email correspondence between SHW president Lou Ryan and Alberta president Jesse Willms regarding the business relationship between iWorks and Alberta.

Plaintiff contends a three year limitations period as set forth in California Code of

4

10cv172

Civil Procedure 338(d) applies to its interference claims against iWorks. Plaintiff argues the cause of action arose as a result of SHW discovering, in December 2009, that there was a written agreement between iWorks and Alberta that was not given to SHW because it contained a "confidentiality clause." SHW maintains it discovered there are two agreements between the parties and Defendant iWorks induced Alberta to enter into the agreements based upon a fraudulent misrepresentation when Alberta filed its cross-claim on February 11, 2010.[2]

Plaintiff further argues there was no basis for the lawsuit at the time iWorks and Alberta entered into their marketing agreement, because Alberta represented that SHW would be paid under the terms of the SHW-Alberta Marketing Agreement, notwithstanding the purported involvement of iWorks. SHW maintains it was not until August 2008, when SHW realized Albert would not pay under the agreement, that the cause of action arose. Plaintiff also argues the First Amended Complaint relates back to the date of the original complaint, November 19, 2009 and therefore is timely.

In reply, the iWorks Parties argue the First Amended Complaint does not relate back to the original complaint because SHW was not ignorant of iWorks identity or the facts giving rise to its interference claim against iWorks at the time of the filing of the original complaint, and the complaint does not allege any cause of action against iWorks as a Doe defendant.

---

[2]Plaintiff further argues the iWorks Parties' conduct was continuous and ongoing because iWorks received payments from the ongoing sale of SHW's Living Lean Program from January 1, 2008 up to at least December 31, 2009, and therefore is subject to continuous accrual for statute of limitations purposes. Additionally, Plaintiff maintains iWorks was paid in installments, so the statute of limitations begins to run for the recovery of an upaid installment at the time it is payable. Movants argue the continuous accrual rule is inapplicable because iWorks has no recurring or periodic payment obligation to SHW and the conduct complained of is not a continuing pattern or course of conduct but a discrete act, the inducement of Alberta to enter into a business relationship for the marketing of Living Lean.

Under the continuous accrual doctrine, "when an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period." State ex. rel. Metz v. CCC Information Services, Inc., 149 Cal.App.4th 402, 418 (2007). There was no recurring obligation by the iWorks Parties to SHW. As such, the continuous accrual doctrine is inapplicable.

10cv172

Movants further argue the relevant breach, the entering into a competing agreement, occurred prior to January 14, 2008, because the parties reached an agreement in mid-December 2007 and executed the Marketing Agreement on January 4, 2008.  They maintain it is possible that after the initial breach SHW and Alberta entered into a new agreement in which Alberta agreed to make payments to SHW, but iWorks is not alleged to have had any involvement in that breach.

Plaintiff SHW asserts a claim for intentional interference with prospective business advantage and contract against iWorks and Johnson in its fifth cause of action.  Plaintiff alleges it was to collect subscriptions from customers, but Alberta collected the subscriptions and failed to pay Plaintiff the $40.00 per subscription owed to Plaintiff. Complaint ¶ 26.  SHW further alleges Defendant Alberta wrongfully entered into an Agreement with Defendant iWorks and wrongfully appointed iWorks to handle the merchant processing and customer service for the up-sell of Plaintiff's programs. Complaint ¶ 27.

Claims for interference with prospective business advantage or contractual obligations are subject to the two year limitations period of section 339 of the California Code of Civil Procedure.  See Knoell v. Petrovich, 76 Cal.App.4th 164 (1999).  Although Plaintiff argues the three year limitations period for actions seeking relief based upon fraud should apply, there is no allegation of fraud against the iWorks Parties in the complaint. Additionally, Plaintiff provides no support for its contention that the allegations of fraud within Alberta's cross-claim subjects its claims to the three year limitations period.  As such, Plaintiff was required to file its action against the iWorks Parties within two years from the date the action accrued.

Generally, an action accrues when the wrongful act occurs and liability arises.  See Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999).  In other words, an action accrues when the action "is complete with all its elements."  Id.  The elements of the tort of intentional interference with prospective business advantage are "(1) an economic relationship between the plaintiff and some third party, with the probability of future

economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." <u>Korea Supply Company v. Lockheed Martine Corp.</u>, 29 Cal.4th 1134, 1153 (2003).

Plaintiff was aware of the agreement between iWorks and Alberta that would disrupt the SHW-Alberta relationship as early as December 2007, as demonstrated by the email correspondence between SHW's president and Alberta's president.[3] There, however, appears to be a dispute as to when the economic harm occurred, and therefore, when the disruption occurred. The evidence submitted by the parties does not clearly indicate when Alberta stopped paying Plaintiff the money owed under the SHW-Alberta Marketing Agreement. Accordingly, there is a genuine issue of material fact as to when the action accrued.

## 2. Merits of the Claim

Movants argue SHW's interference claims fail because they were unaware of the SHW-Alberta Marketing Agreement or any other economic relationship between SHW and Alberta at the time iWorks entered into its business relationship with Alberta. Johnson declares he was not aware of any contractual or economic relationship between SHW and Alberta at the time Alberta and iWorks entered into the agreement for the up-sell marketing. Johnson Decl. ¶ 3.

Plaintiff maintains iWorks was aware of the SHW-Alberta relationship as evidenced by the email from Lou Ryan to Bryce Payne, project manager for iWorks, of the executed up-sell agreement between SHW and iWorks dated October 16, 2007, with the subject "Fully Executed Wu-Yi Signed Upsell Agreement." Pla's Exh. B. Additionally, Ryan attests that he told Payne and other iWorks employees about the economic relationship

---

[3]Jesse Willms, Alberta's president, sent an email dated December 12, 2007, to Lou Ryan, SHW's president explaining Jeremy Johnson of iWorks would handle the up-sell for Alberta. Movant's Exh. B. Ryan acknowledged this in an email sent to Willms on May 27, 2008, and further stated he realized "a few days later" that the iWorks Parties would be handling the merchant processing and customer service for the up-sell. <u>Id.</u>

between SHW and Alberta.  Ryan Decl. ¶ 3.  As such, there is a genuine issue of material fact as to whether the iWorks Parties were aware of the economic relationship between Alberta and SHW at the time they entered into the agreement with Alberta.

Movants are not entitled to judgment as to the intentional interference with prospective business advantage and contract claim.  Accordingly, the motion is denied as to the interference claims.

**B.  Constructive Trust Claim**

Movants argue they are entitled to judgment as to SHW's constructive trust claim because prosecution of the allegedly wrongful act, interference with contract, is barred by the statute of limitations.

As discussed above, there is a genuine issue as to whether the interference claim is time-barred.  Accordingly, Movants are not entitled to judgment as to the constructive trust claims on the basis the interference claims are untimely.

**C.  Unjust Enrichment Claim**

Movants argue they are entitled to judgment on SHW's unjust enrichment claim because it is not an independent cause of action and cannot survive if the interference claims are time-barred.  They further argue the claim fails, because SHW does not allege any contract or quasi-contract theory against the iWorks Parties as required.  Additionally, the iWorks Parties argue the elements of the claim are not met because there is no evidence that the iWorks Parties received any benefit from SHW.

Plaintiff argues the two agreements between Alberta and iWorks are not valid because they were procured by misrepresentations.  As such, permitting iWorks to keep the funds as a result of the contract would unjustly confer a benefit on iWorks.  iWorks received revenue from the sale of the Living Lean Program and the a constructive trust is necessary given the unjust enrichment.

As an initial matter, the motion for summary judgment on the basis the interference claims are untimely is denied.  As discussed above, the interference claims are not time-barred as a matter of law.

However, Movants' argument that it is not an independent cause of action has merit. There is a split of authority as to whether unjust enrichment is cognizable as an cause of action under California law. <u>See Melchior v. New Line Productions, Inc.</u>, 106 Cal.App.4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); but see <u>Lectodryer v. Seoulbank</u>, 77 Cal.App.4th 723 (2000) (permitting an unjust enrichment claim to stand). As noted by Movants, courts in this district have generally determined that unjust enrichment is not an independent cause of action. <u>See Albergo v. Immunosyn Corp.</u>, 2010 WL 3895364 (S.D.Cal. 2009); <u>Lopez v. U.S.Bank Nat. Ass'n</u>, 2010 WL 3463622 (S.D.Cal. 2010); <u>Walker v. Equity 1 Lenders Group</u>, 2009 WL 1364430 (S.D.Cal. 2009); <u>Lorenzo v. Qualcomm, Inc.</u>, 603 F.Supp.2d 1291, 1307 (S.D.Cal. (2009). These courts found unjust enrichment to be the result of a failure to make restitution. <u>See Walker v. Equity 1 Lenders Group</u>, 2009 WL 1364430 (S.D.Cal. 2009); <u>Lorenzo v. Qualcomm, Inc.</u>, 603 F.Supp.2d 1291, 1307 (S.D.Cal. (2009). It is typically sought in connection with a "quasi-contract" claim to avoid unjustly conferring a benefit upon a defendant where there is no valid contract. <u>See McBride v. Boughton</u>, 123 Cal.App.4th 379, 388 (2004). The Court finds the reasoning of decisions in this district holding unjust enrichment is not a separate cause of action in California persuasive. Accordingly, the iWorks Parties are entitled to judgment on the separate and independent claim for unjust enrichment.

## CONCLUSION AND ORDER

Based on the foregoing and in conjunction with the order issued on the record, **IT IS HEREBY ORDERED** the iWorks Parties' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. The motion is **DENIED** as to the claims for intentional interference with prospective business advantage and contract, and

//
//
//
//

10cv172

1  the constructive trust claims.  The motion is **GRANTED** as to the independent unjust

2  enrichment claim.

3  DATED:  December 22, 2010

4

5  JOHN A. HOUSTON
   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv172