1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10   SELFHELPWORKS.COM, INC., a          )   Civil No. 10cv0172 JAH (BGS)
     California corporation,             )
11                                       )   **ORDER DENYING THE iWORKS**
                            Plaintiff,   )   **PARTIES' MOTION TO**
12   v.                                  )   **TRANSFER VENUE [Doc. No. 48]**
                                         )   **AND GRANTING ALBERTA'S**
13   1021018 ALBERTA LTD., a Canadian    )   **MOTION FOR LEAVE TO FILE A**
     limitted liability company, doing   )   **FIRST AMENDED CROSS-CLAIM**
14   business as Wu Yi Source, et. al.,  )   **AND THIRD PARTY CLAIM**
                                         )   **[Doc. No. 50]**
15                          Defendants.  )
                                         )
16   ──────────────────────────────     )
     AND RELATED CROSS-CLAIMS.           )
17   ──────────────────────────────     )

18                                **INTRODUCTION**

19          Plaintiff Selfhelpworks.com ("SHW"), a California corporation, originally filed an

20   action on November 19, 2009, against WuYi Source, Inc., a Canadian Corporation, and

21   Does 1through 25, in the Superior Court of the State of California, County of San Diego.

22   On January 14, 2010, Plaintiff filed a First Amended Complaint seeking an order

23   compelling arbitration, declaratory relief and relief for breach of contract, constructive

24   trust, unjust enrichment, and intentional interference with prospective business advantage

25   and contract.  Plaintiff named 1021018 Alberta Ltd, doing business as WuYi Source

26   ("Alberta"), iWorks, Jeremy Johnson ("the iWorks Parties") and Does 1 through 25 as

27   defendants.  Plaintiff alleges it entered into a Marketing Agreement with Defendant

28   Alberta for the up-sell of SHW's Living Lean Program and Alberta breached the agreement

by entering into a competing agreement with Defendant iWorks.  Defendant Alberta removed the action to federal court on January 21, 2010.

On February 11, 2010, Alberta filed an answer and a cross-claim against Jeremy Johnson, doing business as iWorks and Roes 1 through 25 asserting claims for fraud in the inducement of contract, indemnity and contribution, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, conversion, unjust enrichment and imposition of constructive trust, money had and received and for accounting.  Alberta alleges it entered into a Marketing Agreement with SHW but the parties abandoned the contract because SHW could not handle various technical tasks required.  Alberta Cross-claim ¶ 8.  Thereafter, Alberta entered into a Marketing Agreement with iWorks upon iWorks representation that it was authorized to resell the Living Lean Program and capable of processing the transactions.  Id.

On June 18, 2010, the iWorks Parties filed an answer to the First Amendment Complaint, an answer to Alberta's cross-claim and filed a cross-claim against Alberta. iWorks and Johnson seek relief for breach of contract and breach of the covenant of good faith and fair dealing.   The iWorks Parties filed a motion for change of venue on June 24, 2010 and Alberta filed a motion for leave to file a first amended cross-claim and third party complaint.  The cross-claimants filed separate responses to the motions and replies in support of their respective motions.  Both motions were set for hearing on August 23, 2010, but were taken under submission pursuant to Local Rule 7.1.

## DISCUSSION

### I. Motion for Change of Venue

Cross-defendants/Cross-claimants iWorks and Johnson move to sever Alberta's cross-claim against the iWorks Parties' and their cross-claim against Alberta and transfer venue of the two cross-claims to the District of Utah pursuant to 28 U.S.C. § 1404(a). Movants argue the dispute between Alberta, a Canadian corporation and iWorks, a Utah corporation involves three contracts, two of which select Utah law as the governing law and identify Utah as a proper forum for litigation.  They further maintain the evidence

10cv172

and witnesses are located in Utah and Canada.

**A. Legal Standard**

A district court may transfer a pending case "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The court has broad discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)(quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  The moving party has the burden of demonstrating transfer would be more convenient and better serve the interests of justice.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (1979).

In the Ninth Circuit, courts must weigh multiple factors to determine whether transfer is appropriate.  Jones, 211 F.3d at 498.  Factors the Court may consider, include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones, 211 F.3d at 498-99.

**B. Analysis**

The iWorks Parties contend the cross-claims could have been brought in the District of Utah because the District of Utah has subject matter jurisdiction over both cross-claims under 28 U.S.C. section 1332.  They further contend Alberta is subject to personal jurisdiction in the District of Utah based on its consent to the jurisdiction of Utah courts in the marketing agreement and traffic generation agreements at issue in the actions, and the dispute is directly related to Alberta's contacts with Utah through its agreements with a Utah company and Utah citizen, and its contacts with the state during

10cv172

negotiation and performance of the agreements.  The iWorks Parties also maintain venue is proper in the District of Utah because Movants reside in Utah and Alberta is subject to personal jurisdiction in Utah.

Alberta does not dispute the cross-claims could have been properly brought in Utah. However, Alberta maintains venue is proper in this district and there will be no increased convenience by transferring the action to the District of Utah.

The Court recognizes that certain factors noted above support transfer of the cross-claims to Utah, namely the location of the relevant agreements, the state most familiar with the governing law of the agreements, the parties contacts with the forum and the ease of access to sources of proof.  Movants maintain, and Alberta does not dispute, that the agreements were negotiated from Utah and iWorks' representative signed the agreements in Utah and iWorks' offices, records and employees are located in Utah.  Additionally, iWorks sets forth sufficient support for its argument that the agreements relevant to the cross-claims are governed by Utah law.

However, the Court believes other factors, and the circumstances surrounding the cross-claims and their relevance to the action brought by SHW support venue in this district.  Despite Movants' argument to the contrary, the Court is persuaded that Alberta's choice of forum weighs in favor of venue remaining in this district.  Alberta filed its cross-claims in response to the SHW action currently pending in this Court. The iWorks Parties and Alberta are accused of breaching obligations to SHW in the First Amended Complaint.  These alleged obligations are relevant to the cross-claims, in that SHW alleges Alberta breached contractual obligations it owed to SHW when Alberta and the iWorks Parties entered into the agreements at issue in the cross-claims.  SHW further seeks relief from the iWorks Parties for their interference with those contractual obligations.  This factor weighs heavily in support of the cross-claims remaining in this district.

The Court further finds keeping the cross-claims in this district will decrease the cost of litigation as the parties will be required to travel to this district for the SHW matter and the transfer of the cross-claims would not prevent that travel, there will be no need

to obtain additional counsel for a matter in Utah and there will be no duplication of effort because the parties can coordinate discovery and other litigation activities for the various claims.[1]

Accordingly, the Court finds the convenience of the parties and the interest of justice favor the cross-claims remain in this district.  The iWorks Parties' motion to transfer venue is DENIED.

## II.  Motion for Leave to Amend

Alberta seeks leave of the Court to file a First Amended Cross-Claim and Third Party Complaint.

### A.  Legal Standard

The filing of an amended complaint or counter-claim after a responsive pleading has been filed may be allowed by leave of court.  Fed.R.Civ.P. 15(a).  Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend within 20 days after it is served. Otherwise, a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court has instructed lower courts to heed the language of Rule 15(a) to grant leave freely when justice requires.  Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  Because Rule 15(a) mandates that leave to amend should be freely given when justice so requires, the rule is to be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

Granting leave to amend rests in the sound discretion of the trial court. International Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985).  This discretion must be guided by the strong federal policy

---

[1]The remaining factor, availability of compulsory process to compel attendance of unwilling third-party witnesses, does not weigh in favor of transfer or remaining in this district and is, therefore, neutral.  The iWorks Parties name one witness, who is believed to be a Utah resident, but there is no evidence that he would be unwilling to appear in this Court.

favoring the disposition of cases on the merits.  <u>DCD Programs Ltd. v. Leighton</u>, 833 F.2d 183, 186 (9th Cir. 1987).  Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted.  <u>Genetech, Inc. v. Abbott Laboratories</u>, 127 F.R.D. 529 (N.D. Cal. 1989).

However, even though leave to amend is generally granted freely, it is not granted automatically.  *See* <u>Zivkovic v. Southern Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).  Four factors are considered when a court determines whether to allow amendment of a pleading.  These are prejudice to the opposing party, undue delay, bad faith, and futility.  *See* <u>Forsyth v. Humana</u>, 114 F.3d 1467, 1482 (9th Cir. 1997); <u>DCD Programs</u>, 833 F.2d at 186; *see also* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend.  <u>See</u> <u>DCD Programs</u>, 833 F.2d at 186; <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).  The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment.  <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 668 F.2d 1014, 1053 (9th Cir. 1981).

**B.  Analysis**

Alberta maintains amendment is necessary to name all the correct parties who are liable to Alberta.  Alberta contends  it originally sued Johnson, doing business as iWorks and did not sue iWorks itself believing iWorks was nothing more than a fictitious name. After receiving additional information, Alberta wishes to amend its cross-claim to properly name iWorks as a party now that it has discovered iWorks is a proper entity.

Alberta demonstrates its proposed amendment is not futile, will cause no prejudice, nor made in bad faith or to unduly delay the proceedings.  Additionally, no party opposes Ablerta's request to amend to add iWorks as a named defendant.  Accordingly, Alberta is entitled to leave to amend its cross-claim.

Alberta also seeks to file a third-party complaint against Wingate Private Equity Fund, L.P.  Alberta contends it learned through discovery that Wingate agreed with SHW

10cv172

1   and iWorks to operate the up-sell program and entered into a separate agreement with

2   iWorks whereby iWorks would perform functions previously undertaken by Wingate.

3   Alberta argues Wingate was responsible for marketing the Living Lean program and

4   processing transactions, collecting payments, managing funds, and transmitting the

5   proceeds to SHW, as reflected by a declaration filed by Johnson in support of his motion

6   to set aside default and the various agreements involving Wingate.

7        The iWorks parties oppose Alberta's request to file a third party complaint against

8   Wingate.  They argue the motion does not meet the requirements of Rule 14(a) of the

9   Federal Rules of Civil Procedure because Wingate is not liable to Alberta for any part of

10  SHW's claims against Alberta, and therefore, Wingate's liability is not in any way

11  dependent on the outcome of SHW's claims against Alberta.

12       In reply, Alberta argues its proposed claims against Wingate are derivative of the

13  principal claim of SHW against Alberta, because it alleges Wingate operated all

14  transaction processing and other aspects of the Living Lean program on behalf of the

15  iWorks parties and was the conduit for all payments relating to the program.

16       Rule 14(a) permits "a defending party, as third-party plaintiff, [to] serve a summons

17  and complaint on a nonparty who is or may be liable to it for all or part of the claim

18  against it."  Here, Alberta asserts multiple claims and sets forth allegations that Wingate

19  contracted with Plaintiff SHW and the iWorks Parties for operating the up-sell of the

20  Living Lean program, including management of payments made by consumers.  Alberta

21  further alleges Wingate wrongfully retained monies through its management of the

22  consumer payments.  The alleged mismanagement or improper retention of payments

23  made by consumers could possibly impose some liability upon Wingate for the claims

24  SHW asserts against Alberta in its complaint.  Accordingly, the proposed third-party

25  //

26  //

27  //

28  //

complaint meets the requirements of Rule 14.  Alberta's motion for leave to file an amended cross-claim and a third-party complaint is GRANTED.

## CONCLUSION AND ORDER

IT IS HEREBY ORDERED:

1.      The iWorks Parties' motion to transfer venue is DENIED;

2.      Alberta's motion for leave to file an amended cross-claim and a third-party complaint is GRANTED.  Alberta shall file the proposed amended cross-claim and third-party complaint **on or before December 30, 2010**.

DATED:  December 22, 2010

_____
JOHN A. HOUSTON
United States District Judge

10cv172